UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT K. DECKER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | Case No. 3:23-cv-03063-GCS |
| ) | |
| **DANIEL SPROUL, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

### INTRODUCTION AND BACKGROUND

Petitioner Robert Decker, a federal prisoner currently incarcerated at U.S. Penitentiary Marion ("USP Marion"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the loss of good conduct time based on discipline he received on April 5, 2023. (Doc. 1). On May 31, 2024, the Court denied Decker's petition with prejudice and the Judgment was entered on June 3, 2024. (Doc. 26, 27).

On June 12, 2024, Decker filed a motion to reconsider pursuant to Rule 59(e). (Doc. 28). Decker simply argues that Octavia Wyatt, the reporting officer who wrote his incident report, is not an employee of the Bureau of Prisons ("BOP"), and thus was not authorized to write his incident report. Respondent opposes the motion, contending that Ms. Wyatt was authorized to write the incident report as she is and has been an employee of the BOP since 2008. (Doc. 30). In support, Respondent submitted a declaration from

Ms. Wyatt attesting to the same. (Doc. 30-1).[1] Based on the following, the Court **DENIES** the motion.

## LEGAL STANDARD

Decker timely moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). A motion under Rule 59(e) may be granted only if the movant can demonstrate that the court committed a manifest error of fact or law or present newly discovered evidence that was not previously available. *See Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (citation omitted). Rule 59(e) "does not allow a party to introduce . . . evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *A&C Construction & Installation, Co. WLL v. Zurich American Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020) (quoting *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000)). It also does not allow a party to rehash previously rejected arguments. *See Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (citations omitted). The district court's "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *A&C Construction*, 963 F.3d at 709 (citation omitted).

---

[1] Ms. Wyatt's declaration states in pertinent part: "I am employed as an Intelligence Analyst with the Federal Bureau of Prisons' (BOP) Counter Terrorism Unit (CTU), which is part of the BOP's Intelligence and Counter Terrorism Branch in BOP Central Office. My office is located in Martinsburg, West Virginia. I have been employed as an Intelligence Analyst since September 2020. I have been employed with the BOP since October 14, 2008." (Doc. 30-1).

DISCUSSION

Here, the Court finds that there is no manifest error of law or fact or newly discovered evidence under the standard set forth under Rule 59(e). Clearly, Decker takes issues with the Court's decision to deny his 28 U.S.C. § 2241 petition. Decker merely argues that Ms. Wyatt is not an employee of the BOP. He did not provide any evidence to support his contention and appears to be mistaken as to Ms. Wyatt's employee status within the BOP. Clearly, he is misinformed. As demonstrated by Respondent, Wyatt is employed by the BOP, has been employed continuously by the BOP since 2008, and was employed by the BOP at the time relevant to this case. Thus, his argument that she was not authorized to write the incident report is meritless.

Moreover, Decker claims that pursuant to 28 C.F.R. § 500.1(b) "only institution staff may take disciplinary action." This is a not an accurate reflection of that section. Section 500.1(b) includes a definition of staff: "Staff means any employee of the Bureau of Prisons or Federal Prison Industries, Inc." Additionally, Decker cites *Arredondo-Virula v. Adler*, No. 10-17654, 510 Fed. Appx. 581 (9th Cir. Feb. 26, 2013). This is an unpublished Ninth Circuit case based on an application of 28 C.F.R. § 541.10(b)(1), which is no longer current law. The language he cites is absent from the current regulations. Thus, Decker has provided no reason for the Court to alter or amend its Memorandum & Order denying the petition and the Judgment reflecting the same. In conclusion, Decker has not

satisfied the standard for altering or amending the judgment under Rule 59(e).

## CONCLUSION

Accordingly, the Court **DENIES** Decker's motion pursuant to Rule 59(e). (Doc. 28).

**IT IS SO ORDERED.**

**DATED: June 25, 2024.**

Gilbert C Sison
Digitally signed by Gilbert C Sison
Date: 2024.06.25 13:12:42 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**